UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.   Case No. 2:04-cv-400-FtM-29SPC

FRED J. ANDERSON, RICHARD ALAN WALTERS, and DEBORAH A. MARTIN, and TAX STRATEGIES, INC.,

        Defendants.
_____/

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Application for Permanent Injunction and Motion for Preliminary Injunction (Doc. #98), filed on June 2, 2005.[1] Plaintiff filed its response (Doc. #99), on June 14, 2005.[2] Because the motion is filed by *pro se* parties, the Court construes it liberally.

Defendants seek a preliminary injunction, or alternatively a permanent injunction, to enjoin plaintiff from assessing penalties and collecting fees from defendants for alleged violations of 26 U.S.C. §§ 6700, 6701. Plaintiff and Defendants had entered into separate Settlement Agreements (Docs. #89-91) in which defendants

---

[1] Defendants filed an identical application for injunctive relief (Doc. #100) on June 16, 2005. The Court will terminate the June 16 Motion as a duplicate petition.

[2] Without leave of Court, defendants filed a Reply (Doc. #101) on June 17, 2005. M.D. Fla. L.R. 3.01(b). The Court did not consider the Reply in making this ruling.

agreed to a permanent injunction precluding them from engaging in activities that would violate 26 U.S.C. §§ 6700 or 6701. Defendants did not admit in the Settlement Agreements that they had engaged in any illegal activities relating to §§ 6700 and 6701. In its March 7, 2005 Order (Doc. #93), the Court approved the Settlement Agreements, enjoined defendants from violating §§ 6700 and 6701, and retained jurisdiction over the enforcement of the Settlement Agreements and the permanent injunctions. Defendants claim that the March 7, 2005 Order provides jurisdiction for the injunctive relief they seek to enjoin plaintiff from assessing penalties against defendants for violations of §§ 6700 and 6701.

Having retained jurisdiction, the Court has the authority to consider the matters raised by defendants as they relate to the Settlement Agreements and Judgments.  The conduct of which defendants now complain - that plaintiff is assessing penalties for violation of §§ 6700 and 6701 - is not addressed in the Settlement Agreements or Judgments.  Plaintiff's original Complaint did not seek to impose penalties, but only sought injunctive relief as to future conduct.  Defendants consented to, and the Court issued, such injunctions.  Nothing in the case discussed or precluded plaintiff from assessing penalties for past conduct.  Accordingly, while the Court has jurisdiction over the Settlement Agreements and injunctions, there is nothing alleged by defendants which would violate either.

Accordingly, it is now

**ORDERED:**

Defendants' Application for Permanent Injunction and Motion for Preliminary Injunction (Doc. #98) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of June, 2005.

_____
JOHN E. STEELE
United States District Judge